UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

Case No. 2:26-cv-10912

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2), DENYING PLAINTIFF'S EMERGENCY MOTION (ECF No. 5), DENYING PLAINTIFF'S MOTION FOR *EN BANC* CONSIDERATION (ECF No. 6), DENYING PLAINTIFF'S MOTION FOR RECUSAL (ECF No. 7), AND SUMMARILY DISMISSING THE COMPLAINT (ECF No. 1)**

In this case, Plaintiff Mutaz Majeed Alshara,[1] proceeding *pro se*, sues the United States of America ("the Government") for a litany of alleged constitutional rights violations. ECF No. 1. He also applied to proceed *in forma pauperis* (IFP). ECF No. 2. The application supports his claim of poverty, so it will be granted. But as explained below, his complaint will be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B).

---

[1] At times, Alshara's name is stylized as "Al-Shara," *see* ECF No. 2, but this Court will use "Alshara" because it is the stylization Plaintiff used on the title page and throughout his complaint. *See* ECF No. 1.

## I. BACKGROUND

### A. Prior Litigation

Alshara is not new to litigation. In addition to noting that he has a pending state court action "arising from the same pattern of telephone interceptions, stalking, and involuntary institutionalization"—which is "complementary and non-duplicative" to the present action—Alshara has twice filed complaints in federal court with the same basic allegations as those in this suit, followed by various appeal efforts. ECF No. 1 at PageID.3–8. He nevertheless contends that his previous litigation efforts do not preclude him from bringing this suit because such past efforts were denied for jurisdictional or procedural reasons without reaching the merits. *See id.* at PageID.3–6.

In October 2023, Alshara filed a complaint in the United States Court of Federal Claims, which was dismissed three months later for lack of subject-matter jurisdiction because his primary claims were based in tort law and his constitutional claims were insufficiently pleaded. *Id.* at PageID.4 (referring to Case No. 1:23-cv-01848-SSS). The dismissal was affirmed on appeal in May 2025. *Id.* at PageID.4–5 (referring to Case No. 2024-1853).

In July 2025, Alshara filed a complaint in this Court, which Judge F. Kay Behm dismissed without prejudice under 28 U.S.C. § 1915(e) because the

complaint[2] was vague, implausible, and did not explain how the named defendants engaged in wrongdoing. *Id.* at PageID.5 (citing case *Al-Shara v. U.S. Gov't*, No. 25-11923, 2025 WL 1888786, at \*2 (E.D. Mich. July 8, 2025)). Alshara's subsequent requests to amend his complaint and for reconsideration were both denied, as well as his appeal and petition for writ of certiorari. *Id.* at PageID.5–6 (stating the Sixth Circuit denied his application to proceed IFP on appeal because the appeal was frivolous and citing *Al-Shara v. U.S. Gov't*, No. 25-1746 (6th Cir. Feb. 19, 2026)); *see also Shara v. United States*, 145 S. Ct. 1941 (2025) (denying petition for writ of certiorari to the United States Court of Appeals for the Federal Circuit).

On October 24, 2025, Alshara submitted "administrative tort claims…to the United States Senate…alleging acts or omissions of an employee of the United States occurring on or about November 30, 2024." ECF No. 1 at PageID.38. On November 19, 2025, Alshara received a response letter denying his claims under the Federal Tort Claims Act (FTCA) and noting that the letter did "not constitute a waiver of any defense available to the United States or Senator Gary Peters." *Id.* The

---

[2] Alshara says that the present complaint is distinguishable from his previous case before Judge Behm because he "directly addresse[d] every deficiency" by "nam[ing] the only proper FTCA defendant—the United States—rather than DOJ attorneys; …provid[ing] specific dates, facilities, offices, and acts for each allegation;…identif[ying] the statute or constitutional provision violated…; and… complet[ing] FTCA administrative exhaustion." *Id.* at PageID.5. Accordingly, Alshara argues that his complaint is properly before this Court, despite being "denied by five federal courts," because these denials never "reached the merits of [his] factual claims." *Id.* at PageID.6.

- 3 -

letter also informed Alshara that he had six months to pursue action if he was dissatisfied with the denial. *Id.* Clearly dissatisfied, Alshara filed the present complaint on March 19, 2026. *See id.* at PageID.1.

### B. March 2026 Complaint

In his complaint presently before this Court, Alshara—a gay Iraqi man—alleges that the Government[3] committed tortious conduct and violated his constitutional rights by institutionalizing him, failing to protect him from threats to his personal safety, and failing to investigate crimes against him and others. *Id.* at PageID.26–31. He argues that the Government owes him "a heighted duty of care" because of its "intimate" and "longstanding knowledge" of Alshara and his family, stemming from their "cooperation in matters of national security" and the Government interviewing them "in connection with [their] application for top security clearances." *Id.* at PageID.8–9.

Regarding the institutionalizations, Alshara alleges that his due process and liberty rights were violated when he was involuntarily committed five times from 2018 to 2024 in retaliation for "whistleblower activity," relating to his filing of complaints, reports, and petitions. *Id.* at PageID.13–15, 27–30. He further alleges

---

[3] Alshara generally names the following entities as involved in what he alleges: "the Office of Senator Gary Peters…the [IRS]…the Department of Homeland Security (Blue Campaign and TRIP personnel), the FBI []agents…and the facilities where [Alshara] was committed." ECF No. 1 at PageID.21. But the only defendant named is the United States.

that his involuntary commitments denied him access to courts because he was unable to prepare for or attend and participate in active court proceedings. *Id.* at PageID.16, 31.

For the failure-to-protect claim, Alshara alleges that "[t]he Government's extraction of service from vulnerable individuals creates a special relationship and corresponding duty of care" that it failed to uphold. *Id.* at PageID.9. Alshara further alleges that the Government has not only failed to protect him but also exacerbated anti-LGBTQ discrimination and targeting against him—by unspecified entities—through 2025 Department of Government Efficiency (DOGE) policies that defunded resources for queer individuals. *Id.* at PageID.22–23.

Regarding the criminal investigations, Alshara alleges that the Internal Revenue Service (IRS) conducted an unlawful, warrantless search of his phone in 2020. *Id.* at PageID.12, 27, 29. He further alleges that the Government failed to investigate his reports of (1) criminal activity about Verizon Wireless surveilling his phone, (2) other employees thwarting his communications generally, and (3) the trafficking and murder of friends and family. *Id.* at PageID.16–21, 27–29. Alshara specifically alleges that Senator Gary Peters "negligently refus[ed] to accept and process his civil rights complaints" in 2022. *Id.* at PageID.10–12, 26–27.

Based on these allegations, Alshara brings 11 counts under the FTCA, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, and "the implied cause of action recognized in

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) for compensatory damages arising from specific, identifiable acts of negligence and constitutional violations committed by federal employees acting within the scope of their employment." *Id.* at PageID.2. The first five counts allege negligence under the FTCA for the following:

| Count | Claim |
|---|---|
| I | "[F]ailure to accept complaints (Senator Gary Peters' office)" |
| II | "[W]arrantless phone search (IRS)" |
| III | Five "involuntary commitments" in 2018, 2019, 2020, 2023, and 2024 |
| IV | "[F]ailure to investigate human trafficking and deaths" |
| V | "[F]ailure to investigate foreign threats and father's death" |

*Id.* at PageID.13–14, 26–29.

The next five counts allege various constitutional violations under *Bivens*, provided as follows:

| Count | Claim |
|---|---|
| VI | Fourth Amendment violation for the IRS's unreasonable search of his phone |
| VII | Fifth Amendment due process violations for retaliatory involuntary commitments |
| VIII | First Amendment retaliation for petitioning and reporting misconduct to the Government |
| IX | "Fifth Amendment equal protection violations for sexual orientation discrimination" from 2025 DOGE policies |
| X | First and Fifth Amendment violations for denying him access to courts while involuntarily committed |

*Id.* at PageID.29–31.

Alshara's eleventh count is entitled: "[R]equest for sanctions and discovery order pursuant to 28 U.S.C. § 1782 and the Court's inherent authority." *Id.* at PageID.32.

On March 25, 2026, Alshara filed an *ex parte* emergency motion for a temporary restraining order and injunctive relief, seeking to enjoin the Government from acting on an executive order—"EO 14321"—that Alshara alleges "reduces barriers to involuntary commitment" and increases the probability that he will be involuntarily committed. ECF No. 5 at PageID.63–64. Five days later, Alshara filed a motion for *en banc* consideration, ECF No. 6, followed by a motion to recuse Judge Laurie J. Michelson from the *en banc* panel. ECF No. 7.

## II. LEGAL STANDARD

Because Alshara proceeds IFP, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Alshara also proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Alshara is not immune from compliance with the Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. ANALYSIS

After Alshara filed his complaint, ECF No. 1, he filed an emergency motion for injunctive relief, ECF No. 5, and motions about *en banc* consideration, ECF Nos. 6; 7. Each will be discussed in turn.

### A. The Complaint

### *1. FTCA Claims (Counts I–V)*

As explained below, Alshara's claims under the FTCA will be dismissed for failure to show exhaustion of administrative remedies or for frivolity and failure to state a claim upon which relief can be granted.

### *a. Administrative Exhaustion*

Tort claims against the United States under the FTCA are "forever barred" unless the claimant complies with an administrative process that involves two limitations periods. *Brockett v. Parks*, 48 F. App'x 539, 541 (6th Cir. 2002). "First, [the claimant] must present an administrative claim 'in writing to the appropriate Federal agency within two years after such claim accrues.' Second, he must bring the FTCA claim 'within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.'" *Zappone v. United States*, 870 F.3d 551, 555 (6th Cir. 2017) (quoting 28 U.S.C. § 2401(b)); *see also Brockett*, 48 F. App'x at 541 ("An FTCA tort claimant must present his claim in writing to the appropriate agency within two years of the date the claim accrued, and bring a civil action within six months after the agency mails the notice of final denial of the claim.").

To his complaint, Alshara attached a letter from the United States Senate dated November 19, 2025, which states that "the administrative tort claims" that Alshara

submitted alleging "acts or omissions of an employee of the United States occurring on or about November 30, 2024," were denied. ECF No. 1 at PageID.38. The letter also states that the letter does not "constitute a waiver of any defense available to the United States or Senator Gary Peters." *Id*.

At best, this letter demonstrates that Alshara may have exhausted his administrative remedies for Count I (Negligence Under the FTCA—Failure to Accept Complaints) which alleges negligence by "Senator Peters' Office," or the claim in Count III about his involuntary commitment in 2024. *Id*. at PageID.14, 26–27. But it clearly does not relate to—and consequently does not suffice as proof of exhaustion for—his other FTCA claims, which involve actions by employees of the Internal Revenue Service (IRS) (Count II), the Department of Homeland Security (DHS) and the Federal Bureau of Investigation (FBI) (Counts IV and V).[4] *See* 28

---

[4] Even if Alshara could establish that he exhausted administrative remedies for Counts IV and V, they are still subject to dismissal because the FBI and DHS do not owe civilians legal duties to investigate. *See Taylor v. Nelsen*, No. 1:24CV2260, 2025 WL 755403, at *1 (N.D. Ohio Mar. 10, 2025) (dismissing the plaintiff's claim that the FBI failed to investigate his reports of illegal "surveillance and conspiracy to commit murder" because the FBI "owes no duty to a plaintiff" to investigate); *see also Leisure v. FBI*, 2 F. App'x 488, 490 (6th Cir. 2001) (observing that "the decision to initiate a criminal investigation is left within the FBI's discretion"); *Freedom Watch, Inc. v. McAleenan*, 442 F. Supp. 3d 180, 196–97 (D.D.C. 2020) (acknowledging that the DHS has discretion to decide which third-party complaints to investigate rather than a mandatory duty to investigate them all). Nor does the DHS's "Blue Campaign" owe Alshara a duty to investigate because it is a merely a campaign lead by the DHS. *See Freedom Watch*, 442 F. Supp. 3d at 196–97; *see also About the Blue Campaign*, U.S. GOV'T (Nov. 18, 2025) https://perma.cc/4KYB-CHF5 (last visited Apr. 6, 2026) (stating on the federal government's website that

- 10 -

U.S.C. § 2675(a) (requiring that an FTCA claim be brought only after the claimant "first presented the claim to the appropriate Federal agency" where it is "denied by the agency in writing").

And the only possible way that it could relate to Count III, which alleges that unnamed "federal employees…facilitated [Alshara's] five involuntary psychiatric commitments…." ECF No. 1 at PageID.27, is if Alshara's involuntary commitment in 2024, *id.* at PageID.14, was allegedly done by someone in the U.S. Senate *and* done on or about November 2024. *See* ECF No. 1 at PageID.38. But without any additional detail being provided, this Court cannot discern simply from a shared year alone that Alshara exhausted his administrative remedies as to his 2024 involuntary commitment.

Thus, Counts II-V are subject to dismissal for failure to exhaust administrative remedies. *See Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012) ("Prior to filing a complaint under the FTCA, a plaintiff must exhaust administrative remedies. *See* 28 U.S.C. § 2675(a). This requirement is jurisdictional.").

---

the "Blue Campaign is a national public awareness campaign…[l]ocated within the DHS Center for Countering Human Trafficking."); *see Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 947 n. 3 (6th Cir. 2020) (Bush, J., dissenting) (observing that courts may take judicial notice of information from government websites); *see also* FED. R. CIV. P. 201(b). Accordingly, these claims are subject to dismissal for frivolity and failure to state a claim.

### b. Insufficient Pleadings

Claims against the United States are generally barred by sovereign immunity. *See United States v. Testan*, 424 U.S. 392, 399 (1976). However, the FTCA waives sovereign immunity for the United States when a plaintiff sues for money damages "for personal injury or property damage 'caused by the negligent or wrongful act or omission' of government employees acting within the scope of their employment." *Zappone v. United States*, 870 F.3d 551, 555 (6th Cir. 2017) (quoting 28 U.S.C. § 1346(b)(1)). "The law to be applied in cases brought under the FTCA is 'the law of the place where the act or omission occurred." *Sellers v. United States*, 870 F.2d 1098, 1101 (6th Cir. 1989) (quoting 28 U.S.C. § 1346(b)). Under Michigan law, "[a] negligence action may…be maintained [only] if a legal duty exists which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Betrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 188 (Mich. 1995).

As discussed previously, all of Alshara's claims except for Count I are subject to dismissal for failure to exhaust administrative remedies. Thus, he is left with only one possible claim: negligence by Senator Gary Peters or his staffers for failure to accept and investigate his civil rights complaints. To the extent that this claim relies on the premise that the Government owes him a specific legal duty of care through a special relationship—having allegedly known about Alshara "since he was a child,

- 12 -

benefited from his family's cooperation in a security clearance process, and is therefore on notice of its obligations to him, ECF No. 1 at PageID.8—Alshara has provided no authority showing that the Government interviewing a child and his family confers any lifelong duty of care.[5] Instead, Michigan courts have constrained "special relationships" to a few narrow categories, including "landlord-tenant, proprietor-patron, employer-employee, residential invitor-invitee, psychiatrist-patient, …doctor-patient[,]…common carrier-passenger[,] and innkeeper-guest relationships." *Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC*, 485 F. Supp. 3d 885, 896 (E.D. Mich. 2020) (quoting *Marcelletti v. Bathani*, 500 N.W.2d 124, 129 (Mich. 1993)). Alshara's claim against Senator Peters or his staff does not present any of these recognized special relationships for tort actions; therefore, he has not established that they owed him a duty on this basis. *See id.*

---

[5] Alshara provides two cases he says support his claim, but neither do. Alshara claims that *DeShaney v. Winnebago County* recognizes "a 'special relationship' between the Government and an individual [which] can give rise to an affirmative duty to protect." ECF No. 1 at PageID.9 (citing 489 U.S. 189, 199–200 (1989)). But this case held that a state does *not* have a constitutional duty to protect a child from a father upon receiving reports of potential abuse, explicitly stating that there was "not merit" to a "special relationship" claim of imposing a duty to protect upon the state. *See* 489 U.S. at 197–98, 203. Alshara also presents *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, stating that the case "discuss[es] reliance and duty arising from relationships of trust." ECF No. 1 at PageID.9 (citing 552 U.S. 148, 159 (2008)). But this case addresses a securities fraud class action against a corporation and has no bearing on whether the Government owes a duty of care to a person it interviewed as a child. *See* 552 U.S. at 148.

Nor is there any duty owed by Senator Peters or his staff specifically "to accept and process . . . civil rights complaints" of individual constituents. ECF No. 1 at PageID.27. Indeed, senators do not owe a duty to investigate individuals' complaints. *See Stamper v. U.S.*, No. 1:08 CV 2593, 2008 WL 4838073, at *3 (N.D. Ohio Nov. 4, 2008) (observing that actions "in the nature of mandamus to compel an officer or employee of the United States" only entail an owed duty where the obligation is mandatory or ministerial, "plainly defined[,] and peremptory" and finding that two senators owed the plaintiff "no mandatory duty to investigate his complaint") (collecting cases).

In sum, Counts I through V under the FTCA will all be dismissed without prejudice.

### 2. Bivens *Claims*

As explained below, Alshara's *Bivens* claims will also be dismissed for frivolity or failure to state a claim upon which relief can be granted.

### a. Statute of Limitations

In *Bivens*, the United States "Supreme Court recognized a cause of action against federal officials for certain constitutional violations when no alternative processes exist to protect the plaintiff's interests and no special factors counsel against recognizing the cause of action." *Zappone*, 870 F.3d at 559 (internal quotation marks and citation omitted). "*Bivens* claims lack express statutes of

limitations, and instead 'borrow the personal-injury statute of limitations from the state in which the claim arose.'" *Wersche v. City of Detroit, Mich.*, 112 F.4th 357, 365 (6th Cir. 2025) (quoting *Zappone*, 870 F.3d at 559). Under Michigan law, personal-injury claims must be brought within three years. *See Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n. 8 (6th Cir. 2020) (citing Mich. Comp. Laws § 600.5805(2)); *see also Friedman v. Est. of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (noting that *Bivens* claims accrue when the plaintiff knew or should have known of an injury); *Wersche*, 112 F.4th at 365 (noting that due process claims about parole under *Bivens* "accrued at the time of the parole hearing or at the latest when [he] was denied parole"). "Although federal courts borrow state statute of limitations, federal law governs when a *Bivens* claim accrues." *Meeks v. Larsen*, 999 F. Supp. 2d 968, 980 (E.D. Mich. 2014).

Here, several of Alshara's claims are barred under the three-year statute of limitations. *See Garza*, 972 F.3d at 867 n. 8. These barred claims are Count VI for the IRS allegedly searching his phone in 2020, and any claims about his involuntary commitments that occurred up to March 19, 2023, as alleged in Counts VII and X. *See id.* Accordingly, these claims will be dismissed with prejudice. *See Benford v. Streeval*, No. 0:21-62-WOB, 2022 WL 2335325, at *3 (E.D. Ky. June 28, 2022) (finding that the plaintiff's "claims under *Bivens* are therefore time-barred and will be dismissed with prejudice").

### b. Insufficient Pleadings

As for his remaining *Bivens* claims, these will be dismissed because they are frivolous or do not state a claim upon which relief can be granted.

To prevail on a *Bivens* claim, the plaintiff must prove: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). But the United States Supreme Court has recognized only three viable causes of action under *Bivens*: "a [Fourth Amendment] claim against FBI agents for handcuffing a man in his own home without a warrant; a [Fifth Amendment] claim against a Congressman for firing his female secretary; and a[n Eighth Amendment] claim against prison officials for failure to treat an inmate's asthma." *Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017); *see also Guardado v. United States*, 744 F. Supp. 3d 482, 488–89 (E.D. Va. 2010) ("[T]he Supreme Court recognized [in *Bivens*] an implied cause of action for damages against federal officers alleged to have violated the petitioner's Fourth Amendment Rights. Since then, *Bivens* has been extended only twice.").

"If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new" and requires a special-factors analysis. *Ziglar*, 582 U.S. at 139. Accordingly, a *Bivens* remedy is not available where "there are special factors counseling hesitation in the absence of affirmative

- 16 -

action by Congress." *Id.* at 136 (internal quotation marks and citations omitted). These factors require courts "to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* At bottom, "a court may not fashion a *Bivens* remedy if Congress has already provided, or has authorized the Executive to provide, an alternative remedial structure." *Hall v. Chapman*, 627 F. Supp. 3d 804, 813 (E.D. Mich. 2022) (citation modified).

Here, Alshara's claims for First Amendment retaliation (Count VIII) are frivolous and fail to state an actionable claim because the United States Supreme Court has expressly held that "there is no *Bivens* action for First Amendment retaliation." *Egbert v. Boule*, 596 U.S. 482, 499 (2022). Accordingly, Count VIII must be dismissed with prejudice. *See id.*; *see also Hall*, 627 F. Supp. 3d at 812 ("[T]he Supreme Court stated unequivocally that, 'we hold that there is no *Bivens* action for First Amendment retaliation.'") (quoting *Egbert*, 596 U.S. at 499).

As for the three remaining claims in Counts VII, IX, and X, they will be dismissed because they are insufficiently pleaded. *See Ziglar*, 582 U.S. at 139–40; *see also Robertson*, 753 F.3d at 614. Unlike the FTCA, which must be brought against the United States of American, *Bivens* claims must be brought against specific federal officials as the defendants. *See Wilburn v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 771 F. Supp. 3d 950, 961 (E.D. Mich. 2025) ("[T]he United States is the only proper defendant in an FTCA action….However,

there is no *Bivens* remedy against [the Government or] a federal agency—only against federal officials in their *individual* capacities."); *Sanchez v. McLain*, 867 F. Supp. 2d 813, 817 (S.D.W. Va. Sept. 23, 2011) ("[T]he defendant in an FTCA action is the United States, whereas in a *Bivens* suit, the defendant is the individual official.").

Although Alshara argues that *Bivens* permits actions against unnamed agents, he has not sued any defendant other than the United States, and his allegations only make general references to federal agencies or "federal employees" categorically. ECF No. 1 at PageID.29, 31. Thus, these claims are frivolous or do not entitle Alshara to his requested relief because, again, "[d]amage claims against government officials for alleged violations of constitutional rights cannot be founded upon conclusory, vague, or general allegations, but must instead show what *each* defendant did to violate the plaintiff's rights." *See Gollnick v. Michigan,* No. 20-10645, 2020 WL 3868489, at *5 (E.D. Mich. July 9, 2020); *see also Robertson*, 753 F.3d at 614. Accordingly, Alshara's Fifth Amendment due process claim based any involuntary commitments that occurred after March 19, 2023 (Count VII), and his First and Fifth Amendment claims based on his alleged denial of access to courts (Count X), must be dismissed without prejudice.

As for his Fifth Amendment equal protection claim for sexual orientation discrimination (Count IX), Alshara alleges that federal employees discriminated

against him as a gay man "by refusing his complaints, subjecting him to surveillance, and facilitating retaliatory commitments." ECF No. 1 at PageID.30. He adds that the Government's "discriminatory animus" was evident from DOGE policies that are anti-LGBTQ and from specific "DOGE staffers Cavanaugh and Fox" who "admitted under oath that federal programs were targeted for defunding solely because they contained the world 'gay.'" ECF No. 1 at PageID.30–31.

This Court is sympathetic to Alshara's concerns about sexual orientation discrimination, but cannot distill a cognizable claim upon which relief can be granted here because, again, Alshara has not named specific officials as defendants, nor identified how or which specific federal employees refused his complaints, surveilled him, or involuntarily committed him *because of his sexual orientation*.[6] *See Iqbal*, 556 U.S. at 676. Indeed, the United States Supreme Court has held that in the context of *Bivens* "[w]here the claim is invidious discrimination in contravention of the First and Fifth Amendments, our decisions make clear that the plaintiff must plead and prove *that the defendant acted with discriminatory purpose*." *Id.* (emphasis added). Here, Alshara's allegations that "federal employees"

---

[6] Plaintiff's general allegations that an anti-LGBTQ animus in the federal government caused defunding of certain federal programs are also insufficient absent identifying specific discriminators and the ways in which they discriminated against Alshara personally. Indeed, he has not, for example, alleged that he was even directly impacted by a defunded program. *See id.* at PageID.31.

discriminated against him are insufficient to specify who committed these acts or that they were done with a discriminatory purpose. *See id.* Although he does mention two DOGE employees by name, he does not contend that they were the people who allegedly refused his complaints, subjected him to surveillance, and so on. *See generally* ECF No. 1 at PageID.30–31. Therefore, Alshara's conclusory, vague allegations "do not state a plausible claim for relief in a civil rights action" and will be dismissed without prejudice. *Gollnick*, 2020 WL 3868489, at *5 (dismissing the plaintiff's complaint under § 1915(e)(2) for *Bivens* claims that were frivolous and not plausible to grant relief); *see also Iqbal*, 556 U.S. at 676.

Accordingly, Counts VI, VIII, and X will be dismissed because they are not actionable as alleged. *See* 28 U.S.C. § 1915(e)(2).

Alshara's last "count" (Count XI) is a request for relief rather than a cause of action and must be dismissed with prejudice for failure to state a *claim* upon which relief can be granted. *See Riley-Jackson v. Ocwen Loan Serv., LLC*, No. 13-cv-12538, 2013 WL 5676827, at *5 (E.D. Mich. Oct. 18, 2013) (denying Count III in the plaintiff's complaint for failure to state a claim upon which relief may be granted because the count was a request for relief, i.e., "a remedy, not an independent cause of action.").

In sum, all of Alshara's claims will be dismissed. Specifically, Counts I–V and IX will be dismissed without prejudice, and Counts VI, VIII, and XI will be

dismissed with prejudice. For claims involving involuntary commitments occurring up to March 19, 2023 under Counts VII and X, these claims will be dismissed with prejudice, and for those occurring after March 19, 2023, they will be dismissed without prejudice.

### B. Emergency Motion

Six days after Alshara filed his complaint, he filed an emergency motion for a temporary restraining order (TRO) and preliminary injunction (PI), seeking an order to enjoin the Government from enforcing EO 14321. ECF No. 5 at PageID.65. But because Alshara's complaint will be dismissed in full, this motion will be denied as moot. And even if this motion was not moot, it would still be denied because the motion does not comply with Civil Rule 65(b) nor does it establish imminent threat of irreparable harm or likelihood of success on the merits. *See* FED. R. CIV. P. 65(b); *see also CLT Logistics v. River West Brands*, 777 F. Supp. 2d 1052, 1064 (E.D. Mich. 2011); *Muffler Man Supply Co. v. TSE Auto Serv., Inc.*, 739 F.3d 598, 602 (E.D. Mich. 2024).

### C. Motion for *En Banc* Consideration and Motion for Recusal

On March 30, 2026, Alshara filed a "Motion for En Banc Consideration by the Eastern District of Michigan." ECF No. 6 at PageID.68. And ten days later, he filed a motion seeking to recuse Judge Michelson from participating in the requested *en banc* panel. ECF No. 7. Because this Court will dismiss Alshara's complaint in

- 21 -

full, both motions are now moot and will be denied as such. And even if these motions were not moot, they are improper because requests about *en banc* consideration are reserved for appeals. *See* FED. R. APP. P. 35(c).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1.  Plaintiff's Application to Proceed Without Prepaying Fees, ECF No. 2, is **GRANTED**;

2.  Plaintiff's Complaint, ECF No. 1, is **DISMISSED**;

3.  Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 5, is **DENIED**;

4.  Plaintiff's Motion for En Banc Consideration, ECF No. 6, is **DENIED AS MOOT**;

5.  Plaintiff's Motion for Recusal, ECF No. 7, is **DENIED AS MOOT**; and

6.  Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 24, 2026