UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

        Plaintiff,                       Case No. 2:26-cv-10912

v.                                   Honorable Susan K. DeClercq
                                   United States District Judge

UNITED STATES OF AMERICA,

        Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST FOR LEAVE TO AMEND (ECF No. 10)**

Before this Court is Plaintiff Mutaz Majeed Alshara's motion for reconsideration of this Court's Order and Judgment dismissing his case against the United States of America. Alshara argues that dismissing most of his claims and denying him the opportunity to seek leave to amend was clear error and that he has new facts that compel reconsideration. For the reasons provided below, this Court will deny his motion for reconsideration and alternative request for leave to amend.

## I. BACKGROUND

For purposes of this motion, the relevant facts are provided as follows.[1] In November 2025, Alshara received a letter from the United States Senate Office

_____

[1] For a full recitation of the facts, see *Alshara v. United States*, No. 2:26-cv-10912, 2026 WL 1122328, at *1–3 (E.D. Mich. May 4, 2026).

regarding his previously filed "administrative tort claims . . . alleging acts or omissions of an employee of the United States occurring on or about November 30, 2024." ECF No. 1 at PageID.38. The letter stated that his claims under the FTCA were denied and that the letter did "not constitute a waiver of any defense available to the United States or Senator Gary Peters." *Id.* The letter also informed Alshara that he had six months to pursue action if he was dissatisfied with the denial. *Id.* So Alshara filed his a  complaint in federal court on March 19, 2026. *See id.* at PageID.1.

In his complaint, Alshara stated that as a gay Iraqi man, the Government owed him "a heightened duty of care" because the Government has had a longstanding and intimate relationship with his family and knowledge of his life after it interviewed them "in connection with [their] application for top secret security clearances." ECF No. 1 at PageID.8. Alshara alleged the Government violated his constitutional rights by institutionalizing him, failing to protect him from threats to his personal safety, and failing to investigate crimes against him and others. ECF No. 1 at PageID.8–9.

Based on these allegations, Alshara brought 11 counts under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, and *Bivens*. *Id.* at PageID.2. These allegations were as follows:

| Count | Basis | Claim |
|---|---|---|
| I | FTCA | "[F]ailure to accept complaints (Senator Gary Peters' office)" |
| II | FTCA | "[W]arrantless phone search (IRS)" |
| III | FTCA | Five "involuntary commitments" in 2018, 2019, 2020, 2023, and 2024 |

| IV | FTCA | "[F]ailure to investigate human trafficking and deaths" |
|---|---|---|
| V | FTCA | "[F]ailure to investigate foreign threats and father's death" |
| VI | *Bivens* | Fourth Amendment violation for the IRS's unreasonable search of his phone |
| VII | *Bivens* | Fifth Amendment due process violations for retaliatory involuntary commitments |
| VIII | *Bivens* | First Amendment retaliation for petitioning and reporting misconduct to the Government |
| IX | *Bivens* | "Fifth Amendment equal protection violations for sexual orientation discrimination" from 2025 federal policies |
| X | *Bivens* | First and Fifth Amendment violations for denying him access to courts while involuntarily committed |

*Id.* at PageID.13–14, 26–31. Alshara's eleventh count was entitled: "request for sanctions and discovery order pursuant to 28 U.S.C. § 1782 and the Court's inherent authority." *Id.* at PageID.32.

On April 24, 2026, this Court granted Alshara's application to proceed *in forma pauperis*, ECF No. 2, and dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B), ECF Nos. 8; 9.

On May 1, 2026, Alshara filed a motion for reconsideration under Civil Rule 59(e), arguing that (1) this Court erroneously dismissed with prejudice Count VI and part of Counts VII and X under the statute of limitations because these allegations should be equitably tolled under the continuing violations doctrine; (2) this Court made errors about administrative exhaustion for the FTCA claims by "misapprehension of the actual administrative chronology"; (3) "new facts compel reconsideration of the equal protection claim and Bivens pleading sufficiency ruling" because Markwayne Mullin was confirmed as Secretary of the Department

of Homeland Security (DHS); and (4) this Court should grant Alshara leave to amend his complaint because he is able to cure the deficiencies in Counts VI through XI. ECF No. 10 at PageID.108–16. He also asked this Court to "Preserve Count Eight (First Amendment retaliation) for appellate review…and [c]ertify that an appeal would not be taken in bad faith and reinstate [Alshara's] ability to proceed *in forma pauperis* on appeal should this motion be denied." *Id.* at PageID.115.

## II. LEGAL STANDARD

"Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich LR 7.1(h)(1). Under Civil Rule 59(e), a party may file a "motion to alter or amend a judgment" within 28 days after entry of judgment. FED. R. CIV. P. 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cnty.*, 402 F. App'x 107, 108 (6th Cir. 2010) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A Rule 59 motion may not be used to relitigate issues of disagreement with the court's initial

- 4 -

ruling. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case'").

### III. ANALYSIS

### A. Reconsideration Under Civil Rule 59(e)

Alshara argues that this Court should grant his motion for reconsideration to correct clear errors of law regarding the statute of limitations and administrative exhaustion, and to account for newly discovered evidence about his equal protection and *Bivens* claims. This Court finds that Alshara has not met the requirements for altering or vacating the order and judgment that dismissed his complaint.

### *1. Statute of Limitations*

First, this Court did not clearly err by dismissing some of Alshara's claims under the statute of limitations without considering equitable tolling under the continuing violations doctrine because Alshara did not present allegations that would support this argument. "The Supreme Court has previously held that the continuing violations doctrine does not apply to discrete, serial violations." *Maxwell v. Postmaster Gen.*, 986 F. Supp. 2d 881, 884 (E.D. Mich. 2013) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). And here, Alshara's complaint clearly raised allegations about discrete instances: in 2020, Internal Revenue Service employees allegedly "took possession of [Alshara's] personal

cellular telephone" and conducted a warrantless search of it without his consent (Count VI); and in 2018, 2019, 2020, and 2023 Alshara was allegedly involuntarily committed to four different facilities, respectively, where "[e]ach involuntary commitment" occurred after Alshara allegedly exercised his First Amendment rights. *See* ECF No. 1 at PageID.12–14, 27–28. By his own pleadings, these are discrete instances that he presents as "independently actionable individual causes of action," not one continuous violation. *See Nat'l Parks Conservation Ass'n, Inc. v. Tenn. Valley Auth.*, 480 F.3d 410, 417 (6th Cir. 2007).

Additionally, Alshara presented no allegation in his complaint that these violations were brought under the continuing violations doctrine. His latest motion's references to "federal surveillance" after the 2020 phone surveillance claim are new factual allegations to support a new continuous-violations argument, and the Supreme Court expressly held that a motion under Civil Rule 59(e) may not be used "to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Even if Alshara had raised these allegations and arguments under the doctrine before dismissal, "[c]ourts have been extremely reluctant to apply this doctrine outside the context of Title VII." *Nat'l Parks Conservation*, 480 F.3d at 416 (international quotation marks and citation omitted). Thus, this Court did not clearly err by

- 6 -

dismissing some of his counts under the statute of limitations without considering the continuing violations doctrine. *See id.*; *see also Maxwell*, 986 F. Supp. 2d at 884.

### 2. Administrative Exhaustion

Second, this Court did not clearly err by dismissing without prejudice Counts II through V for failure to exhaust administrative remedies because Alshara did not present any information beyond the letter from the U.S. Senate showing that he had followed proper administrative procedures for four of his five FTCA claims. *See* ECF No. 1 at PageID.38. The letter referred only to Senator Gary Peters and "acts or omissions of any employee of the United States occurring on or about November 30, 2024," and this Court construed this information as liberally as it could for *pro se* litigant Alshara to find proper exhaustion for Count I. ECF No. 8 at PageID.89–91.

Contrary to Alshara's assertion in his motion for reconsideration, this Court did not misunderstand the administrative chronology of his claims. ECF No. 10 at PageID.110. This Court observed that the time to file an FTCA claim in federal court began running upon his receipt of a final administrative-claim denial letter, which was November 19, 2025. ECF No. 8 at PageID.90. Accordingly, this Court found that Alshara *satisfied* the six-month deadline to file his FTCA claim, but only as to the allegations referred to in the letter, which were explicitly about "acts or omissions of an employee of the United States occurring on or about November 30, 2024." *Id.*

(quoting ECF No. 1 at PageID.38). Thus, regardless of when Alshara "first presented . . . the underlying administrative tort claim," ECF No. 10 at PageID.110, the letter only contains information plausibly related to Count I. Accordingly, this Court properly assessed the "actual administrative chronology," *id.*, by finding that the letter related to Count I and that Alshara had met the deadline for that count. ECF No. 8 at PageID.90–91.

And to the extent that Alshara provided more information and facts in his motion for reconsideration for Counts II through V, again, motions for reconsideration may not be used to "present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485 n.5. Indeed, a clear error of law occurs where a court applied the wrong legal standard, misapplied the correct one, or relied on clearly erroneous findings of fact, *not* when a court failed to consider additional facts not originally presented in the complaint. *See Auletta v. Ortino (In re Ferro Corp. Derivative Litig.)*, 511 F.3d 611, 623 (6th Cir. 2008). In fact, Alshara conveyed his awareness of this when he stated in his motion that he "acknowledges the limited record this Court had before it on this point" and thereby "requests leave to file a First Amended Complaint." ECF No. 10 at PageID.112.

In sum, this Court did not clearly err by dismissing these counts[2] as they were presented in the complaint.

### 3. New Evidence

Alshara also argues that Markwayne Mullin being confirmed as Secretary of the DHS constitutes "new facts that compel reconsideration" that "cures [the] deficiency" in Count IX for failure to identify specific officials acting with discriminatory purpose, given Mullin's political record of homophobia. ECF No. 10 at PageID.112–13. Alshara argues that he "is now able to plead, and through this motion seeks leave to plead, that the official who currently presides over the [DHS] whose Blue Campaign" surveilled Alshara and refused to investigate his complaints, "is a senior federal officer with a long, public record of legislative hostility toward the protected class to which [Alshara] belongs." *Id.* at PageID.113.

But in actuality, Alshara's "new evidence" undermines his claim. Indeed, the allegations of discrimination that he raised preceded Mullin's confirmation, meaning Mullin could not have had any involvement in the DHS and Blue Campaign employees' conduct with which Alshara takes issue. Therefore, Mullin's confirmation—and Alshara's identification of him in an amended complaint—does not rescue Alshara's complaint.

---

[2] And as this Court noted, Counts IV and V were still subject to dismissal for frivolity and failure to state a claim because the Federal Bureau of Investigation and the DHS do not owe civilians legal duties to investigate. ECF No. 8 at PageID.90 n.4.

## B. Leave to Amend

As for Alshara's argument that he should have been given the opportunity to amend his complaint to cure pleading deficiencies, it is without merit because his suggestion that this Court "must first allow parties an opportunity to amend" when it plans to dismiss a case—"is not only wholly without support, [but also] would render a [*pro se* screening under motion to dismiss standards] useless in disposing of unfit claims." *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008); *see also Michalak v. Mich. State Police*, No. 25-11257, 2025 WL 2376711, at *1 (E.D. Mich. June 30, 2025) (observing that to standard for screening a complaint under § 1915 is the same as for Civil Rule 12(b)(6) motions to dismiss) (citing *Hill v. Lappin*, 630 F.3d 468, 170–71 (6th Cir. 2010)).

Furthermore, dismissing a complaint with prejudice "where a plaintiff has not [properly] sought leave to amend typically is not an abuse of discretion." *U.S. ex rel Angelo v. Allstate Ins. Co.*, 106 F.4th 441, 454 (6th Cir. 2024), *cert den.* 145 S. Ct. 550 (2024). Although "leave to amend should be 'freely given,' it is not merely a formality" where the plaintiff had sufficient opportunity to seek leave to amend before the entry of judgment. *Id.* At its core, amending complaints following dismissal is disfavored because federal courts are "not a sounding board for litigants to test various theories until they find one allowing the litigation to continue." *Id.*

- 10 -

(internal quotation marks and citation omitted). Given that Alshara did not exercise his opportunity to amend his complaint before judgment was entered, Alshara has not shown that this Court clearly erred by dismissing his claims without first giving him leave to amend. *See id.*

And to the extent that Alshara intends for his motion for reconsideration to also function as a motion for leave to amend his complaint, *see* ECF No. 10 at PageID.113, 115, it is denied because it does not comport with the Local Rules and a plaintiff seeking to amend its complaint post-judgment must first have the judgment vacated or set aside. E.D. Mich. LR 15.1; *see BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025). Simply put, where "a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Cavier, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Because Alshara has not met these requirements, any request for leave to amend contained within his motion for reconsideration under Civil Rule 59(e) will be denied. *See id.*

Finally, this Court will not "Preserve Count Eight (First Amendment retaliation) for appellate review," ECF No. 1 at PageID.115, because Supreme Court precedent is clear that *Bivens* does not apply to First Amendment retaliation. *See Egbert v. Boule*, 596 U.S. 482, 499 (2022). Nor will this Court disturb its Order

- 11 -

denying Alshara permission to appeal *in forma pauperis*, because this Court will not be altering or vacating its Order under Civil Rule 59(e) and finds no other compelling reason to disturb this part of its Order.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 10, is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 8, 2026

- 12 -